USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

COURCHESNE LAROSE, LTEE.,                    :

                              Plaintiff,     :              10 Civ. 3123 (SHS)

          -against-                          :              MEMORANDUM OPINION

VEN-CO PRODUCE, INC. and ROBERT              :
J. VENUTI,                                   :

                              Defendants.    :

                                             :
---------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        Plaintiff Courchesne Larose, Ltee. brings this action alleging that Ven-Co Produce, Inc.

failed to pay for perishable commodities—Quebec onions and russet potatoes—that Courchesne

sold and delivered to Ven-Co last year in violation of the Perishable Agricultural Commodities

Act ("PACA"), 7 U.S.C. § 499 et seq.  Courchesne also brings a claim for relief against Ven-Co

and Robert Venuti, Ven-Co's President, for fraudulently inducing plaintiff to sell the

commodities to Ven-Co.  Plaintiff seeks summary judgment on its PACA claim pursuant to Fed

R. Civ. P. 56(c).  For the reasons that follow, this action is dismissed for lack of subject matter

jurisdiction.

        Courchesne seeks to recover $47,359.26 from Ven-Co pursuant to PACA based on Ven-

Co's failure to pay for perishable commodities as reflected in seven invoices.  It is well-settled

law that "a PACA trust is automatically established each time a broker or merchant purchases

perishable commodities upon credit."  D.M. Rothman & Co., Inc. v. Korea Commer. Bank of

N.Y., 411 F.3d 90, 96 (2d Cir. 2005).  However, a seller of perishable commodities is not "entitled

to PACA protection for any non-payment claims unless it perfects its claims" by either (1)

"sending a notice of intent to preserve PACA trust benefits to both the Department of

Agriculture" and the "particular commodities broker alleged to have violated PACA" within the

allotted time period, *id.* (citing 7 U.S.C. § 499e(c)(3)), or (2) by including specific language relating to the preservation of the trust in its "ordinary and usual billing or invoice statements." 7 U.S.C. § 499e(c)(4); *see also A&J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 361 (S.D.N.Y. 2005). Here, Courchesne concedes that the seven invoices "being sued upon" are not "PACA trust qualified" because it did not "send a timely notice of intent to preserve [its] PACA trust rights to" Ven-Co. (Pl.'s Reply Mem. of Law ¶¶ 3-5; Aff. of Robert E. Goldman dated Aug. 13, 2010 ¶ 3.) Additionally, the seven invoices do not include the specific statutory language required to preserve the PACA trust. (Product Invoices, Ex. A to Compl.) Therefore, because Courchesne did not provide Ven-Co with notice of its intent to preserve its trust rights, Courchesne's claim against Ven-Co pursuant to PACA "must be dismissed for lack of subject matter jurisdiction." *A&J Produce*, 385 F. Supp. 2d at 362; *see also Am. Banana Co., Inc. v. Republic Nat'l Bank of N.Y.*, 362 F.3d 33, 42 (2d Cir. 2004) ("Strict eligibility requirements accompany the extraordinary protection afforded by PACA's trust provisions.")

Because the Court lacks jurisdiction over Courchesne's PACA claim, the question remains whether Courchesne can proceed on its state law claim for fraudulent inducement based on diversity jurisdiction. Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). It is undisputed that defendants are citizens of New York and that plaintiff is a citizen of Canada. (*See* Pl.'s Rule 56.1 Statement ¶¶ 1-2; Defs.' Rule 56.1 Statement ¶¶ 1-2.) However, "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). Here, there is no "reasonable probability" that plaintiff's claim for fraudulent inducement exceeds the sum of $75,000. Therefore, that claim must also be dismissed for lack of subject matter jurisdiction.

While the complaint asserts that the Court has diversity jurisdiction over this action (Compl. ¶ 3), it does not allege damages that meet the minimum jurisdictional amount. The complaint simply alleges that Ven-Co owes Courchesne $47,359.26 based on seven specific unpaid invoices, "punitive damages, pre-judgment interest [and] court costs." (Compl. "Wherefore" clause p. 5.) Therefore, Courchesne has alleged damages totaling $47,359.26 with respect to its claim for fraudulent inducement. *See Rodriguez v. Kulcsar*, 07 Civ. 251, 2007 U.S. Dist. LEXIS 78751, at *5 (S.D.N.Y. Oct. 24, 2007) (citation omitted) ("Under New York law . . . 'out-of-pocket' losses are the measure of actual damages for fraudulent inducement."). Although a claim for punitive damages "may be included in determining whether the jurisdictional amount is satisfied," *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (citation omitted), a "trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction. Indeed, in computing [the] jurisdictional amount, a claim for punitive damages it to be given closer scrutiny . . . than a claim for actual damages." *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972), *aff'd on other grounds*, 414 U.S. 291 (1973).

Courchesne does not provide any justification for an award of punitive damages. *See Bernshteyn v. Feldman*, 04 Civ. 1774, 2006 U.S. Dist. LEXIS 62689, at *19-20 (S.D.N.Y. Aug. 29, 2006) (stating that plaintiffs' "baseless request for an indeterminate amount of punitive damages cannot serve to raise the amount in controversy above the minimum statutory requirement"). In addition, Courchesne's claim for fraudulent inducement is based solely on Venuti's statement that Ven-Co would pay Courchesne "according to the agreed upon payment terms," despite the fact that Venuti allegedly knew that Ven-Co would not in fact make such payments. (Compl. ¶ 22.) This statement does not meet the high bar for obtaining punitive damages based on fraudulent conduct. *See Rodriguez*, 2007 U.S. Dist. LEXIS 78751 at *6-7 (citation and internal quotation marks omitted) (noting that, under New York law, where a breach of a contract involves fraud, punitive damages are only recoverable if the fraudulent conduct

3

"was aimed at the public generally" and it "evince[ed] a high degree of moral turpitude" and "wanton dishonesty"); *Miller v. European Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996) (citation omitted) (stating that "[m]ere fraud is insufficient to support a claim of punitive damages" and that defendant must have acted "with evil and reprehensible motives"). Indeed, the complaint is bereft of allegations that this action concerns anything other than a simple contract dispute over onions and potatoes. Thus, the facts alleged in Courchesne's complaint do not provide the basis for a punitive damages award. Accordingly, Courchesne's alleged damages total $47,359.26, which falls well short of the amount-in-controversy requirement of more than $75,000.[1]

For the reasons set forth above, this action is dismissed for lack of subject matter jurisdiction without prejudice to plaintiff refiling its claims in state court, if it so chooses. Plaintiff's motion for summary judgment (Dkt. No. 10) is dismissed as moot.

Dated:  New York, New York
        November 29, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[1] Moreover, although defendants raised plaintiff's failure to assert a claim in excess of $75,000 in their opposition papers, plaintiff did not respond to that argument in its reply papers. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996).

4